MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
MARIA V. HENRIQUEZ,  *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
|  |  |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b) AND RULE 23** |
| FRANCO FOOD CORP. (d/b/a | **CLASS ACTION** |
| ASSOCIATED), LUIS FRANCO, MARIA |  |
| DEL PILAR FRANCO ENCARNACION, and | **ECF Case** |
| MARIANELLA FRANCO |  |
|  |  |
| *Defendants.* |  |

--------------------------------------------------------X

    Plaintiff Maria V. Henriquez ("Plaintiff Henriquez" or "Ms. Henriquez"), individually
and on behalf of others similarly situated, by and through her attorneys, Michael Faillace &
Associates), upon information and belief, and as against each of Defendants Franco Food Corp.
(d/b/a Associated), Luis Franco, Maria del Pilar Franco Encarnacion, and Marianella Franco
(collectively, "Defendants"), alleges as follow:

<u>**NATURE OF ACTION**</u>

    1.    Plaintiff Henriquez is a former employee of defendants Franco Food Corp. (d/b/a
Associated) ("Defendant Corporation"), Luis Franco, Maria del Pilar Franco Encarnacion, and
Marianella Franco.

2.      Defendants own, operate, or control a Supermarket located at 1585 Westchester Avenue, Bronx, New York 10472 under the name Associated.

3.      Upon information and belief, individual defendants Luis Franco, Maria del Pilar Franco Encarnacion, and Marianella Franco, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the supermarket as a joint or unified enterprise.

4.      Plaintiff Henriquez was employed as a cashier.

5.      At all times relevant to this Complaint, Plaintiff Henriquez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiff Henriquez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Henriquez the required "spread of hours" pay for any day in which she worked over 10 hours per day.

8.      Defendants' conduct extended beyond Plaintiff Henriquez to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Henriquez  and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Henriquez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor

Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage

orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit.

12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated

damages, interest, attorneys' fees and costs.

11.     Plaintiff Henriquez now brings this action as a class action under Rule 23 and

seek certification of this action as a collective action on behalf of himself, individually, and all

other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §

216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal

question) and the FLSA, and supplemental jurisdiction over Plaintiff Henriquez's state law

claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a

substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a Supermarket located in this district. Further, Plaintiff Henriquez was employed by

Defendants in this district.

## THE PARTIES

*Plaintiff*

14.     Plaintiff Maria V. Henriquez ("Plaintiff Henriquez" or "Ms. Henriquez") is an

adult individual residing in Bronx County, New York.

15.     Plaintiff Henriquez was employed by Defendants from approximately September 2001 until on or about January 2017.

16.     Plaintiff Henriquez consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C.  § 216(b).


*Defendants*

17.     At all relevant times, Defendants own, operate, or control a Supermarket located at 1585 Westchester Avenue, Bronx, N.Y. 10472 under the name "Associated."

18.     Upon information and belief, Franco Food Corp. (d/b/a Associated) is a domestic corporation organized and existing under the laws of the State of New York.

19.     Upon information and belief, Defendant Corporation has its principal place of business at 1585 Westchester Avenue, Bronx, New York, 10039, and its corporate headquarters at the same address.

20.     Defendant Luis Franco, is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

21.     Defendant Luis Franco is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

22.     Defendant Luis Franco possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

23.     Defendant Luis Franco determined the wages and compensation of the employees of Defendants, including Plaintiff Henriquez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Maria del Pilar Franco Encarnacion is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

25.     Defendant Maria del Pilar Franco Encarnacion is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation.

26.     Defendant Maria del Pilar Franco Encarnacion possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

27.     Defendant Maria del Pilar Franco Encarnacion determined the wages and compensation of the employees of Defendants, including Plaintiff Henriquez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28.     Defendant Marianella Franco is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

29.     Defendant Marianella Franco is sued individually in her capacity as owner, officer and/or agent of the Defendant Corporation.

30.     Defendant Marianella Franco possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

31.     Defendant Marianella Franco determined the wages and compensation of the employees of Defendants, including Plaintiff Henriquez, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.


## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

32.     Defendants operate a Supermarket located in the Soundview section of The Bronx in New York City.

33.     The individual defendants, Luis Franco, Maria del Pilar Franco Encarnacion, and Marianella Franco possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

34.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.     Each Defendant possessed substantial control over Plaintiff Henriquez (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Henriquez, and all similarly situated individuals, referred to herein.

36.     Defendants jointly employed Plaintiff Henriquez (and all similarly situated employees) and were Plaintiff Henriquez (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37.    In the alternative, Defendants constitute a single employer of Plaintiff Henriquez and/or similarly situated individuals.

38.    Upon information and belief, individual defendants Luis Franco, Maria del Pilar Franco Encarnacion, and Marianella Franco operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b.    defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.    transferring assets and debts freely as between all Defendants,

d.    operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.    operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

f.    intermingling assets and debts of their own with Defendant Corporation,

g.    diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.    other actions evincing a failure to adhere to the corporate form.

39.    At all relevant times, Defendants were Plaintiff Henriquez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire

Plaintiff Henriquez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Henriquez services.

40.     In each year from 2011 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the supermarket on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiff*

42.     Plaintiff Henriquez is a former employee of Defendants who was employed as a cashier.

43.     Plaintiff Henriquez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Maria V. Henriquez*

44.     Plaintiff Henriquez was employed by Defendants from approximately September 2001 until on or about January 2017.

45.     Defendants employed Plaintiff Henriquez as a cashier.

46.     Plaintiff Henriquez regularly handled goods in interstate commerce, such as credit cards produced outside of the State of New York.

47.     Plaintiff Henriquez's work duties required neither discretion nor independent judgment.

48.     Throughout her employment with Defendants, Plaintiff Henriquez regularly worked in excess of 40 hours per week.

- 8 -

49.     From approximately February 2011 until on or about October 2012, Plaintiff Henriquez  worked from approximately 8:00 a.m. until on or about 8:30 p.m. four days a week and from approximately 10:00 a.m. until on or about 8:00 p.m. two days a week (typically 70 hours per week).

50.     From approximately November 2012 until on or about October 2016, Plaintiff Henriquez worked from approximately 12:00 p.m. until on or about 8:30 p.m. on Mondays, from approximately 10:00 a.m. until on or about 8:30 p.m. Tuesdays and Thursdays, from approximately 8:00 a.m. until on or about 2:00 p.m. Wednesdays and Fridays and from approximately 8:00 a.m. until on or about 8:30 p.m. on Saturdays (typically 54 hours per week).

51.     Throughout her employment with defendants, Plaintiff Henriquez was paid her wages in cash.

52.     From approximately February 2011 until on or about October 2012, defendants paid Plaintiff Henriquez a fixed salary of $540 per week.

53.     From approximately November 2012 until on or about October 2016, defendants paid Plaintiff Henriquez a fixed salary of $565 per week.

54.     Plaintiff Henriquez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

55.     In fact, defendants required Plaintiff Henriquez to work 30 minutes past her scheduled departure time four days a week, and did not compensate her for the additional time they required her to work.

56.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Henriquez regarding overtime and wages under the FLSA and NYLL.

57.     Plaintiff Henriquez was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

58.     Furthermore, Defendants never provided Plaintiff Henriquez with a statement of wages with each payment of wages, as required by NYLL 195(3).

59.     Defendants never gave any notice to Plaintiff Henriquez, in English and in Spanish (Plaintiff Henriquez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Henriquez (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

61.     Plaintiff Henriquez was a victim of Defendants' common policy and practices which violated her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

62.     Defendants' pay practices resulted in Plaintiff Henriquez not receiving payment for all her hours worked, resulting in Plaintiff Henriquez's effective rate of pay falling below the required minimum wage rate.

63.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Henriquez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

- 10 -

64.     Plaintiff Henriquez was paid her wages entirely in cash.

65.      Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

66.      Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Henriquez  (and similarly situated individuals) worked, and to avoid paying Plaintiff Henriquez  properly for: (1) her full hours worked, (2) the minimum wage, (3) her overtime compensation and (4) her spread of hours pay.

67.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

68.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Henriquez and other similarly situated current and former employees.

69.      Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

70.     Defendants failed to provide Plaintiff Henriquez  and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

71.     Defendants failed to provide Plaintiff Henriquez  and other employees, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72.     Plaintiff Henriquez brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members") who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA and Rule 23 Class Period").

73.    At all relevant times, Plaintiff Henriquez, and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

74.    At all relevant times, Plaintiff Henriquez, and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

75.    At all relevant times, Plaintiff Henriquez, and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

76.    The claims of Plaintiff Henriquez stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

77.    Plaintiff Henriquez sues on her own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b) (2), and (b) (3) of the Federal Rules of Civil Procedure.

78.    Plaintiff Henriquez brings her New York Labor Law minimum wage, spread of hours pay, overtime compensation and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Henriquez, are referred to herein as the "Class."

79.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the

calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

80.     There are questions of law and fact common to the Class including:

a.     what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b.     what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.     what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.     whether Defendants failed and/or refused to pay Plaintiff the minimum wage at the premium rate within the meaning of the New York Labor Law;

e.     whether Defendants improperly deducted "shorts" from the Plaintiff's wages; and

f.     at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work;

81.     The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of wages and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

82.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiff is represented by

attorneys who are experienced and competent in both class action litigation and employment litigation.

83.    The common questions of law and fact predominate over questions affecting only individual members.

84.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

85.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

86.    Plaintiff Henriquez repeats and realleges all paragraphs above as though fully set forth herein.

87.    At all times relevant to this action, Defendants were Plaintiff Henriquez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Henriquez (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

88.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

89.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

90.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Henriquez and the FLSA and Rule 23 class members at the applicable minimum hourly rate.

91.     Defendants' failure to pay Plaintiff Henriquez (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

92.     Plaintiff Henriquez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

93.     Plaintiff Henriquez repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Henriquez (and the FLSA and Rule 23 class members') overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.     Defendants' failure to pay Plaintiff Henriquez (and the FLSA and Rule 23 class members'), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiff Henriquez (and the FLSA and Rule 23 class members') were damaged in an amount to be determined at trial.

- 16 -

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

97.     Plaintiff Henriquez repeats and realleges all paragraphs above as though fully set forth herein.

98.     At all times relevant to this action, Defendants were Plaintiff Henriquez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Henriquez (and the FLSA and Rule 23 class members), controlled her terms and conditions of employment, and determined the rates and methods of any compensation in exchange for her employment.

99.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Henriquez (and the FLSA and Rule 23 class members) less than the minimum wage.

100.     Defendants' failure to pay Plaintiff Henriquez (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

101.     Plaintiff Henriquez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

102.     Plaintiff Henriquez repeats and realleges all paragraphs above as though fully set forth herein.

103.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Henriquez (and

the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

104.    Defendants failed to pay Plaintiff Henriquez (and the FLSA and Rule 23 class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

105.    Defendants' failure to pay Plaintiff Henriquez (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

106.    Plaintiff Henriquez (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

107.    Plaintiff Henriquez repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to pay Plaintiff Henriquez and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Henriquez spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

109.    Defendants' failure to pay Plaintiff Henriquez  and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiff Henriquez spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

110.    Plaintiff Henriquez and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

**(VIOLATION OF THE NOTICE AND RECORDKEEPING
REQUIREMENTS OF THE NEW YORK LABOR LAW)**

111.    Plaintiff Henriquez repeats and realleges all paragraphs above as though fully set forth herein.

112.    Defendants failed to provide Plaintiff Henriquez (and the FLSA and Rule 23 class members) with a written notice, in English and in Spanish (Plaintiff Henriquez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

113.    Defendants are liable to Plaintiff Henriquez and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

<u>**SEVENTH CAUSE OF ACTION**</u>
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS
OF THE NEW YORK LABOR LAW)**

114.    Plaintiff Henriquez repeats and realleges all paragraphs above as though set forth fully herein.

115.    With each payment of wages, Defendants failed to provide Plaintiff Henriquez (and the FLSA and Rule 23 class members) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

- 19 -

claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

116.    Defendants are liable to Plaintiff Henriquez and the FLSA and Rule 23 class members) in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Henriquez respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Henriquez and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Henriquez and the FLSA and Rule 23 class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Henriquez's, and the FLSA and Rule 23 class members compensation, hours, wages, and any deductions or credits taken against wages;

- 20 -

(e)     Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Henriquez and the FLSA and Rule 23 class members;

(f)     Awarding Plaintiff Henriquez and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Henriquez and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Henriquez (and the FLSA and Rule 23 class members);

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Henriquez (and the FLSA and Rule 23 class members);

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Henriquez (and the FLSA and Rule 23 class members);

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Henriquez's, (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Henriquez (and the FLSA and Rule 23 class members);

(m)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Henriquez (and the FLSA and Rule 23 class members);

(n)    Awarding Plaintiff Henriquez (and the FLSA and Rule 23 class members) damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(o)    Awarding Plaintiff Henriquez (and the FLSA and Rule 23 class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Henriquez (and the FLSA and Rule 23 class members) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiff Henriquez (and the FLSA and Rule 23 class members) pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Henriquez (and the FLSA and Rule 23 class members) the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

- 22 -

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

      (t)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

     Plaintiff Henriquez demands a trial by jury on all issues triable by a jury

Dated: New York, New York
       February 24, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
      Michael Faillace [MF-8436]
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Michael A. Faillace [MF-8436]
      60 East 42nd Street, suite 2540
      New York, New York 10165
      Telephone: (212) 317-1200
      Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 22, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      **Maria V. Henriquez**

                                    Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                       22 de febrero de 2017

*Certified as a minority-owned business in the State of New York*